UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION
ESSENCE G. WEARY, Plaintiff
v.
EVERISE, INC., Defendant
Civil Action No. 2:26CV-38 - HSO - BWR

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAR 16 2026

BY ARTHUR JOHNSTON
DEPUTY

## COMPLAINT AND JURY DEMAND

Plaintiff Essence G. Weary, proceeding pro se, files this Complaint against Defendant Everise, Inc. and states as follows:

## I. INTRODUCTION

1. This action arises from Defendant's retaliation against Plaintiff for requesting religious accommodation and opposing discrimination, and from Defendant's interference with Plaintiff's federally protected maternity leave.

2. Defendant's conduct violated Title VII of the Civil Rights Act of 1964 and the Family and Medical Leave Act (FMLA).

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under federal law.

4. This Court also has jurisdiction pursuant to 28 U.S.C. §1343.

5. Venue is proper in this Court under 28 U.S.C. §1391(b) because the events giving rise to these claims occurred in this judicial district and Plaintiff works in Hattiesburg, Mississippi.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff filed a charge of discrimination with the

   U.S. Equal Employment Opportunity Commission on or about August 24, 2025.

7. Plaintiff received a Notice of Right to Sue and has filed this action within the time permitted by law.

## IV. PARTIES

8. Plaintiff Essence G. Weary is an adult resident of Mississippi and an employee of Defendant.

9. Defendant Everise, Inc. is an employer engaged in business in the United States and employs more than fifty (50) employees.

10. Defendant was Plaintiff's employer within the meaning of Title VII and the FMLA.

## V. FACTUAL ALLEGATIONS

11. Plaintiff works remotely and communicates with coworkers and management through the Microsoft Teams platform.

12. On or about July 15, 2025, Defendant granted Plaintiff a schedule modification as a religious accommodation, placing Defendant on notice of Plaintiff's sincerely held religious beliefs.

13. On or about August 24, 2025, employees in Plaintiff's work group used images to symbolize completed appointments.

14. Some of these images contained religious imagery Plaintiff reasonably found offensive to her beliefs.

15. Plaintiff respectfully requested that alternative imagery be considered.

16. A manager publicly mocked Plaintiff's concern by responding:

    "A lady with wings is demonic?"

17. Shortly thereafter, a male coworker posted a GIF depicting men laughing with the caption "women."

18. Plaintiff objected to the sexist nature of the post.

19. Coworkers continued mocking Plaintiff and referencing her after she asked them to stop.

20. On August 24, 2025, Plaintiff engaged in protected activity by:

- filing an internal complaint through Defendant's ServiceNow system, and

- filing a charge of discrimination with the EEOC.

21. Defendant did not respond to Plaintiff's complaint before disciplining her.

22. On September 9, 2025, Defendant issued Plaintiff a Final Written Warning for "chat room etiquette."

23. The Final Written Warning advanced Plaintiff to the final step of Defendant's progressive discipline process and expressly threatened termination.

24. Plaintiff began protected maternity leave on September 22, 2025.

25. While Plaintiff was on leave, Defendant issued responses to Plaintiff's internal complaint on October 3, 2025 and October 13, 2025.

26. Those responses were available only through Defendant's internal systems accessible from Defendant-issued equipment.

27. On October 17, 2025, Defendant closed Plaintiff's complaint for "failure to respond" while Plaintiff remained on protected maternity leave.

28. Defendant did not pause or toll the complaint process during Plaintiff's leave.

## VI. CLAIMS FOR RELIEF

## COUNT I

## FMLA INTERFERENCE

(29 U.S.C. §2615(a)(1))

29. Plaintiff incorporates the preceding paragraphs.

30. Plaintiff exercised rights protected by the Family and Medical Leave Act by taking maternity leave.

31. Defendant interfered with Plaintiff's FMLA rights by requiring Plaintiff to participate in and respond to an internal complaint process while she was on protected leave.

32. Defendant further interfered with Plaintiff's rights by closing the complaint for non-response during Plaintiff's leave despite knowing Plaintiff did not have access to Defendant's internal system.

33. Defendant's actions interfered with and restrained Plaintiff's exercise of rights guaranteed by the FMLA.

## COUNT II

## TITLE VII RETALIATION

(42 U.S.C. §2000e-3)

34. Plaintiff incorporates the preceding paragraphs.

35. Plaintiff engaged in protected activity by requesting religious accommodation and opposing discrimination.

36. Defendant subjected Plaintiff to a Final Written Warning shortly after Plaintiff engaged in protected activity.

37. The discipline advanced Plaintiff to the final step of the disciplinary process and threatened termination.

38. The timing between Plaintiff's protected activity and the discipline supports an inference of retaliation.

---

## COUNT III

## TITLE VII RELIGIOUS DISCRIMINATION

(42 U.S.C. §2000e-2)

39. Plaintiff incorporates the preceding paragraphs.

40. Defendant was aware of Plaintiff's sincerely held religious beliefs.

41. Despite that knowledge, Defendant allowed Plaintiff to be mocked and ridiculed for those beliefs.

42. Defendant failed to take reasonable corrective action to stop the conduct.

43. Defendant's conduct affected the terms and conditions of Plaintiff's employment.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Declaratory judgment that Defendant's conduct violated federal law;

B. Injunctive relief including removal of the Final Written Warning;

C. Compensatory damages;

D. Punitive damages as permitted by law;

E. Liquidated damages under the FMLA;

F. Costs and allowable fees; and

G. Any other relief the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Essence G. Weary

426 South 16th Ave

Hattiesburg, Mississippi 39401

601-271-1610

Plaintiff, Pro Se